CATALINO BETANCOURT CARRIÓN, Appellant, *v.* THE REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1384. Decided May 21, 1962.

438

■■■■■■    ■■■■
■■■■■■■■■■■■■■■■
■■■■■■■■■■■ ■■■■■
■■■■■■■■■■■■

*E. Díaz Santana* and *Jorge López del Valle* for appellant. The Registrar appeared by brief.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

The Registrar denied the registration with the following note:

"Record of the document is hereby denied as to the consolidation sought and as respects the portion situated in Gurabo because it appears from the documents presented that: in the certificate of survey of the consolidated farms it was not stated that the adjoining owners were summoned pursuant to [*García* v. *Registrar*, 71 P.R.R. 187 (1950)] and cases cited therein; it was not accompanied by the receipt or certificate of gift-tax exemption on gift made by Adelina Díaz Vélez upon waiving the usufructuary quota in favor of her children pursuant to § 12 of Act No. 189 of 1948, entering instead cautionary notice in favor of the heirs at folio 40 of volume 70 of Gurabo, Entry A of the farm 2316; and record is hereby also denied as to the adjudications made to the heirs in what respects the parcels awarded in the portion situated in Gurabo because it appears from the Registry that the main property from which the parcels to be awarded are segregated was not recorded in favor of the heirs and only a cautionary notice for 120 days is entered in favor of the latter; that a share in the properties consolidated to form the main property is awarded to Efraín Betancourt Díaz, as one of the heirs of Zoilo Betancourt Carrión without his having a right to said share because he transferred it to the widow Adelina Díaz Vélez in exchange of the rights which the latter might have in the community partnership with the deceased Zoilo Betancourt Carrión and because the area of the portion situated in Gurabo does not coincide with the adjudications which have been made, entering instead cautionary notice for 120 days in favor of the assignees . . . all in view of the corresponding complementary documents."

In the appeal filed against the note of refusal, the following errors committed by the Registrar are adduced as grounds for reversal:

"1— . . . in determining that it is not stated that the adjoining owners were summoned when the survey was made.

"2— . . . in deciding that a receipt or certificate of gift-tax exemption should accompany the widow's *waiver* of the usufructuary quota in favor of her children.

"3— . . . in deciding that since the heir, Efraín Betancourt Díaz had exchanged his share in the inheritance of his father Zoilo Betancourt Carrión, with his mother Adelina Díaz Vélez, a share in the farms 'A' and 'B' belonging to the Heirs of the aforesaid predecessor was awarded to said heir and not to the widow as assignee of her son, Efraín Betancourt Díaz.

"4— . . . in considering as ground for refusal the erroneous fact that the area of the farm situated in Gurabo does not coincide with the adjudications made to the heirs."

1. In the document presented the following is stated:

"It is stated that when the survey was made by the surveyor Ramón Díaz Morales, license No. eighty-three (83) the portions of the above-described farm which are situated in the municipality of Gurabo amounted to forty-eight cuerdas and forty-eight hundredths, there being an increase of two cuerdas and eighteen hundredths, and the portion situated in the municipality of Trujillo Alto measured thirty-four cuerdas and forty-two hundredths, that is, an increase of seventy-nine hundredths of a cuerda, all of which was verified with the notice and consent of the adjoining owners who stated nothing to the contrary. . ."

However, in the certificate of survey signed by the surveyor it is not stated that the adjoining owners were notified. In *García* v. *Registrar*, 71 P.R.R. 187, 189 (1950) we stated: "This Court has repeatedly held that in order to record the excess in area of a property it is necessary to make a survey thereof after summoning the adjoining landowners and to establish the survey as well as the service of notice attaching to the deed a certificate of the surveyor to that effect. . ."

Thus, appellant did not comply with what we have decided is required for the registration of an excess of area less than twenty percent. A certificate of survey verified by the surveyor who makes it should be attached.

■■ 2. In *Pedraza* v. *Registrar, ante,* p. 228, we held that the waiver of the usufruct constitutes a gift subject to taxation pursuant to the Inheritance Act, 13 L.P.R.A. § 881 *et seq.* The taxable event is the waiver of the spouse of his usufructuary right, and although the value of this right may result infinitesimal and free from tax payment, as it appears to be in this case, it would always be necessary to establish the fact by the presentation of the corresponding letter of exemption issued by the Secretary of the Treasury, in order to comply in that way with the mandates of the law.

3. Upon discussing the third error respondent states: "a share in the properties consolidated to form the main property is awarded to Efraín Betancourt Díaz, as one of the heirs of Zoilo Betancourt Carrión without his having a right to said share because he transferred it to the widow Adelina Díaz Vélez in exchange of the rights which the latter might have in the community partnership with the deceased Zoilo Betancourt Carrión," but the fact is that in the document presented it is stated that, as to the share of Efraín Betancourt Díaz in the estate which he exchanged with his mother, "the above-mentioned Heirs shall have, as heirs of the deceased Zoilo Betancourt Carrión, and as to the widow, as assignee of her son Efraín Betancourt Díaz, a share in the consolidated farm, etc."

Thus, the final adjudication is made to the mother of Efraín Betancourt Díaz, Adelina Díaz Vélez. The Registrar was not correct, therefore, in adducing this defect.

4. Respondent maintains that the area of the farm situated in the municipality of Gurabo does not coincide with the adjudications made to the heirs.

This ground for the denial is based on the fact that obviously, the registrar, upon making the adjudications took

into consideration the excess of area appearing from the survey made by surveyor Díaz Morales. But since the registration of the farm situated in Gurabo with the increased area does not lie, because the summoning of the adjoining owners was not proved, certainly the area of that farm could not coincide with the sum of the adjudicated parcels. This defect will be cured when the surveyor's certificate establishing the summoning of the adjoining owners is presented in the Registry.

The note appealed from will be affirmed, except as to that part which refers to the adjudication made to the widow Adelina Díaz Vélez as assignee of her son Efraín Betancourt Díaz.